*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 3, 2014

**By Email & ECF**
Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Room 735
New York, NY 10007

   Re: United States v. Ross Mandell and Adam Harrington,
      S1 09 Cr. 662 (PAC)

Dear Judge Crotty:

  The Government respectfully submits this letter in response to defendant Ross Mandell's letter dated May 23, 2014, in which he objects to the filing of the amended judgment in the above-captioned matter. The amended judgment made clear that Mandell's forfeiture order was to be joint and several with his co-defendants, and it set a surrender date of June 13, 2014 for Mandell to begin serving his term of imprisonment. Since the filing of his May 23 letter, Mandell has filed a petition for rehearing *en banc* of the Second Circuit Court of Appeal's decision affirming his conviction on all counts. Accordingly, as set forth below, the Government does not object to a stay of the amended judgment insofar as the petition for rehearing stays the mandate. However, the Government requests that the Court separately enter an order revoking Mandell's bail and requiring him to begin serving his sentence on June 13, 2014, because this Court maintains concurrent jurisdiction with the Second Circuit Court of Appeals over matters of bail. Inasmuch as co-defendant Adam Harrington has also filed a petition for rehearing, the Government respectfully requests that this Court likewise enter the same order as to Harrington.

## Background

  Mandell and Harrington were charged in Superseding Indictment S1 09 Cr. 662 (PAC) (the "Indictment") with four crimes: (1) conspiracy to commit securities fraud, wire fraud and mail fraud; (2) securities fraud; (3) wire fraud; and (4) mail fraud. Trial began on June 20, 2011, and lasted approximately five weeks. On July 26, 2011, after less than two days of deliberations, the jury convicted both defendants of all counts in the Indictment.

  In May 2012, this Court sentenced Mandell principally to concurrent terms of 144 months' imprisonment and Harrington principally to 60 months' imprisonment. On June 14, 2012, this Court denied Mandell's motion for bail pending appeal. Mandell appealed that decision, and the Second Circuit reversed in a summary order dated July 19, 2012.

Mandell and Harrington both appealed their convictions, advancing numerous claims of error before the Second Circuit. On Friday, May 16, 2014, the Second Circuit affirmed the defendants' convictions on all counts, and remanded to this Court for the limited purpose only of modifying the forfeiture order. *See United States* v. *Mandell, et al*, 12-1967, 12-2090. Thereafter, on May 21, 2014, the Government wrote to this Court and proposed an amended forfeiture order and judgment which comported with the Second Circuit's remand, and requested that this Court set surrender dates for both defendants. On May 22, 2014, this Court entered amended judgments as to both defendants, which resolved the forfeiture issue, and set surrender dates for both defendants of June 13, 2014.

Thereafter, as noted above, on May 23, 2014, counsel for Mandell filed a letter noting that he intended to file a petition for rehearing *en banc*; he subsequently filed such a petition on May 28, 2014 and defense counsel for Harrington did likewise on May 30, 2014.

## Discussion

Upon the filing of their respective petitions for rehearing *en banc*, the mandate was automatically stayed as to each defendant. *See* Federal Rule of Appellate Procedure 41(d)(1). However, contrary to the suggestion in Mandell's May 23, 2014 letter, such a stay does not divest this Court of jurisdiction over matters of bail, and this Court may properly revoke the bail of both defendants and order them to begin serving their prison sentences.

### I. Applicable Law

Defendants "found guilty beyond a reasonable doubt at trial of felony crimes . . . [have] no substantive constitutional right to bail pending sentencing." *United States* v. *Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004). The relevant statute likewise creates no general expectation of post-verdict liberty, establishing instead a presumption in favor of detention. *See* 18 U.S.C. § 3143(a); *see also* S. Rep. No. 225, 98th Cong., 1st Sess. 26 (1983), *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3209 ("Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal."); *Abuhamra*, 389 F.3d at 318 (observing that "federal law disfavors release on bail" after a guilty verdict).

Under Section 3143(b), a defendant seeking bail pending appeal must "be detained, unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released;" and "(B) that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in (i) reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served." It is the defendant's burden to rebut the presumption that a convicted defendant should begin to serve his sentence. *See Abuhamra*, 389 F.3d at 319.

Although the defendants' petitions for rehearing have not yet been decided, and the mandate has yet to issue, "this Court 'retains jurisdiction over the person[s] of the defendant[s] at least for the limited purpose of reviewing, altering[,] or amending the conditions under which the court released the defendant[s].'" *United States* v. *Sattar*, No. 02 Cr. 395 (JGK), 2009 WL

4038461, at *1 (S.D.N.Y. Nov. 28, 2009) (quoting *United States* v. *Black*, 543 F.2d 35, 37 (7th Cir. 1976)); *accord United States* v. *Whitman*, 12 Cr. 125 (JSR), Dkt. # 166, slip op. at 2 (S.D.N.Y. Apr. 21, 2014) (holding that the district court "has the authority to set a surrender date before the mandate from the Second Circuit issues" after the defendant filed a petition for rehearing) (attached hereto as Exhibit A); *United States* v. *Vilar*, No. 05 Cr. 621 (RJS), slip op. at 3-5 (S.D.N.Y. Nov. 19, 2013) (attached hereto as Exhibit B).

## II.    This Court Properly Set Surrender Dates

This Court properly revoked the defendants' bail and ordered them to begin serving their sentences on June 13, 2014.  There is no basis under the applicable statute or case law to permit the defendants to remain at liberty during the pendency of their respective petitions for rehearing *en banc* and any anticipated petitions for a writ of certiorari.

Although the Second Circuit granted the defendants' motion for bail pending appeal, suggesting that the Court had found that the defendants' appeal raised a "substantial question of law," circumstances have now dramatically changed: a three-judge panel of the Second Circuit has unanimously affirmed the defendants' convictions on all counts in a summary order, rejecting each and every claim of error raised in hundreds of pages of briefing.  The Second Circuit's decision clearly signifies that the defendants have virtually no hope of demonstrating that either petition for rehearing raises a substantial question of law likely to result in reversal, a new trial or a reduced sentence.  *See* 18 U.S.C. § 3143(b).  Indeed, given the rarity with which cases are heard *en banc* in this Circuit,[1] there is simply no reason to believe that the Court of Appeals will grant a petition for rehearing over a fact-based inquiry into whether there was harmless error with regard to the securities fraud count, which is the issue principally raised by Mandell's petition, or to re-argue the panel's application of circuit precedent with regard to the mail and wire fraud counts, which is the principle issue raised by Harrington's.  Accordingly, the defendants cannot meet their burden with respect to the second factor under the applicable bail statute, which requires them to show that the petitions raise a substantial question of law likely to result in a new trial.

There is also good reason now to believe that they cannot meet the first statutory factor.  Although the Government did not initially argue flight risk as a bail factor before this Court, circumstances have now greatly changed.  As Judge Sullivan observed in *Vilar*, "Although the mandate has not issued, and the appeal is not final, the announcement of judgment is itself relevant to Defendants' risk of flight and to the substantiality of their remaining appeal.  Whatever chances Defendants once had for having their conviction reversed, the odds are now lower.  That change in odds in turn increases Defendants' risk of flight."  *Vilar*, slip op. at 7.  In this case, both defendants are facing lengthy prison sentences – Mandell in particular, who faces a term of 12 years' imprisonment.  The length of the sentences, coupled with the appeals court's

---

[1] Judge Cabranes recently noted, in a dissent from an order denying rehearing en banc, that the Second Circuit "hears the fewest cases en banc of any circuit by a substantial margin, both in absolute terms and when considering the relative size of [the] docket."  *See United States* v. *Taylor*, -- F.3d --, Nos. 11–2201, 11–2426, 11–2639, 2014 WL 2154375, at *1 (2d Cir. May 23, 2014).

rejection of their claims of error, raises the likelihood that the defendants will flee rather than submit to their prison terms.

Finally, in seeking remand on June 13, 2014, which is approximately four weeks from the date of the Court of Appeals's decision, the Government attempted to be mindful of the defendants' needs to settle their affairs, balanced against the risk that the defendants would not surrender, and that justice would not be served.  An indefinite period of bail, which is what the defendants now apparently seek, tips the scales too far in one direction, both permitting the defendants time to plan their flight, should they choose to do so, and failing to take into consideration the public's interest in the finality of these legal proceedings and the important public interest in holding the defendants responsible for their crimes.  Each defendant has had nearly three years to prepare for his surrender date and has known since the oral argument more than one year ago that a decision from the Circuit was forthcoming; no further delay is warranted or justified under the law.

## Conclusion

In light of the stay of the mandate in this case, the Government respectfully requests that the Court stay the amended judgments and separately enter an order as to each defendant ordering him to surrender to a designated Bureau of Prisons facility to begin serving his respective sentence on June 13, 2014.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:_____/s/_____
Katherine R. Goldstein
Assistant United States Attorney
212-637-2262

cc: Matthew Brissenden, Esq. (by email)
    Michael Bachner, Esq. (by email)